IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JASTER LEE MARBLEY**                                                                    **PETITIONER**
ADC #080228

v.                          Case No: 4:24-cv-00398-LPR

**DEXTER PAYNE,**[1]
*Director, Arkansas Division of Correction*                                  **RESPONDENT**

## ORDER

The Court has reviewed the Recommended Disposition (RD) submitted by United States Magistrate Judge Joe J. Volpe (Doc. 6). No objections have been filed, and the time for doing so has expired. After a *de novo* review of the RD, along with careful consideration of the entire case record, the Court hereby approves and adopts the RD in its entirety as this Court's findings and conclusions in all respects.[2]

Accordingly, the Petition for Writ of Habeas Corpus (Doc. 2) is DISMISSED without[3] prejudice. A certificate of appealability will not issue.

---

[1] The Court GRANTS Mr. Marbley's Motion to Correct Petition (Doc. 7). The Clerk is directed to update the docket sheet to reflect the Defendant identified in the caption of this Order.

[2] Section II.B of the RD concludes that the Petition is time-barred primarily by calculating the one-year AEDPA statute of limitations pursuant to 28 U.S.C. § 2244(d)(1)(A), which starts the clock on the date the judgment of conviction becomes final. RD (Doc. 6) at 4–5. Mr. Marbley asserts, however, that his Petition rests on "newly-discovered" grounds. *See* Petition (Doc. 2) at 6–7. Specifically, he states that, in 2023, he read "the federal habeas court ruling" in his co-defendant's case, wherein Mr. Marbley learned that his trial counsel had likely created a conflict of interest by representing both defendants in their related criminal proceedings. *Id.*; *see Hudson v. Lockhart*, 679 F. Supp. 891 (E. D. Ark. 1986) (granting co-defendant's habeas petition based on ineffective assistance of counsel). The problem for Mr. Marbley is that the habeas decision he read in 2023 was issued in 1986. Mr. Marbley has not offered any justification for his failure to discover the decision in the intervening 40 years between 1983 and 2023. Moreover, the fact that Mr. Marbley's co-defendant raised the same (or similar) grounds in his own 1986 habeas petition suggests that Mr. Marbley could have discovered the factual predicate of this claim many, many years ago if he had exercised due diligence. Therefore, to the extent Mr. Marbley's Petition could possibly allege timeliness under 28 U.S.C. § 2244(d)(1)(D), the Court would nevertheless conclude the Petition is untimely.

[3] Although the RD recommends dismissal with prejudice, the Court finds that dismissal without prejudice is appropriate in these circumstances. *Dalton v. NPC Int'l, Inc.*, 932 F.3d 693, 696 (8th Cir. 2019).

IT IS SO ORDERED this 1st day of November 2024.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE